266

## CIRCUIT COURT OF SHENANDOAH COUNTY

Dorothy Kibler,
Executrix of the Will of
Berlin L. Kibler

v.

John W. Kibler

October 24, 2002

Case No. (Chancery) CH01-201

BY JUDGE DENNIS L. HUPP

Dorothy Kibler, widow of the decedent, Berlin L. Kibler, claims three tracts of real estate to be part of the augmented estate against which she is entitled to take her elective share. Two tracts consisting of 109 1/4 acres and two acres, respectively, were acquired by the decedent through two conveyances: (1) An undivided one-half interest under the will of his grandfather, William Clarence Kibler, who died March 15, 1969, leaving a will bearing date May 10, 1961, and of record in Will Book 55, page 351, of the Clerk's Office of the Circuit Court of Shenandoah County, Virginia; and, (2) An undivided one-half interest by deed from John W. Kibler, the respondent herein, dated November 1, 1979, and of record in Deed Book 405, page 45, of the said Clerk's Office. Subsequently, by deed dated April 22, 1994, and of record in Deed Book 708, page 585, the decedent conveyed 15.25 acres of this real estate to his son, the respondent herein. Dorothy Kibler did not join in this conveyance, and she claims this tract as part of the augmented estate for that reason.

The respondent has contended all along that none of this real estate should be included in the augmented estate because it had been acquired by the

decedent by gift and by will "without full consideration in money or money's worth" and maintained by the decedent as his separate property. He relies on Virginia Code § 64.1-16.1(B)(ii). He argues that the undivided one-half interest acquired by will is unquestionably excluded, and, in addition, he specifically claims that he received no consideration for his conveyance of the remaining undivided one-half interest to the decedent by deed in 1979. Finally, the respondent points out that the property remained titled in the decedent's name only and that he thereby maintained it as his separate property.

In previously denying the respondent's first motion for summary judgment, I ruled that there is a factual issue as to whether consideration was given for the deed of conveyance. The deed itself recites that the conveyance was made "for and in consideration of the sum of ten dollars ($10.00) cash in hand paid, and other valuable consideration." I realize that this is standard language used in deeds of conveyance; however, such language would ordinarily be conclusive and would not permit parol evidence to the contrary. The door is open to such evidence, however, because there may be a factual question as to whether there has been "full consideration." For this reason, I believe the respondent should be permitted to present evidence, if he can, that the consideration was inadequate, and in doing so, he may show that there was no consideration at all. Of course, the petitioner will be permitted to counter this. It seems to me that, given the language of the deed itself, the respondent will have the burden of going forward with the evidence on this point. There is a notation in the margin of the deed that consideration was actually $56,150.00; however, the respondent argues that this is not part of the deed and is used for assessing recordation fees only. I will leave it to counsel to address this in such manner as each is advised and as permitted under the rules of evidence.

In his second motion for summary judgment, the respondent deals solely with the remaining undivided one-half interest devised to the decedent by will. Since there is no dispute as to the manner in which this interest was acquired, our inquiry necessarily focuses on whether the real estate was "maintained by the decedent as separate property."

Both sides acknowledge that the property remained titled in the name of the decedent only. The respondent argues that this clearly shows that the decedent maintained the property as his separate property. The petitioner argues that the General Assembly meant something more than simply the titling of the property when it used the word "maintained" and suggests that I employ that term's definition from *Black's Law Dictionary*. Quite frankly, I do not think that definition addresses the usage made of the term in this statute.

I believe the titling of the real estate in an individual name is part of maintaining the property as separate property. I agree with the petitioner that, if the General Assembly had intended the titling of the property to be conclusive in this regard, it could have said so. Both attorneys have drawn an analogy to equitable distribution in divorce cases. Indeed Mr. Klenkar cites well-respected authority suggesting that such analogy is appropriate. See W. J. Gray, Jr., "Virginia's Augmented Estate System: An Overview," *University of Richmond Law Review*, vol. 24, no. 4, Summer 1990; and also see W. J. Gray, Jr., "Administering the Augmented Estate," *Virginia Bar Association Journal*, vol. 17, no. 3, Summer 1991. I will adopt this suggestion. I am receptive to the petitioner's argument that, from a public policy standpoint, we should not place a widowed spouse at a disadvantage vis-a-vis a divorced spouse.

The petitioner contends that she and the decedent operated the farm together and that both made significant contributions to the upkeep, repair, furnishing, and preservation of the property. They resided on the farm, and she brought additional income into the marital partnership through employment elsewhere. Virginia Code § 20-107.3(A)(1) provides that the increase in value of separate property is marital property if such increase is attributable to the personal efforts of either party during the marriage or to contributions of marital property. If we are to apply equitable distribution principles to the present case, then the petitioner should be afforded the opportunity to prove that at least a part of the value of the real estate is attributable to such efforts and contributions. The personal efforts "must be significant and result in substantial appreciation of the separate property if any increase in value attributable thereto is to be considered marital property." *Id.* I advise counsel now that, in the past, in dealing with this issue in the context of divorce cases, I have required proof of something more than routine maintenance, repair, and upkeep of the premises. I have usually required proof of improvements or additions which clearly increased the value of the real estate. The burden of proof will be on the petitioner. Virginia Code § 20-107.3(A)(3)(a).

Accordingly, it appears to me that we have a factual issue with respect to whether the real estate has been "maintained" as the separate property of the decedent, and therefore the second motion for summary judgment is denied.